BARNES, J.,
for the Court:
¶ 1. This is an appeal from the order of the Pike County Chancery Court finding William T. White in contempt for failure to pay child-support payments and from the order denying White’s motion for reconsideration.
¶ 2. The petition for contempt was filed by the Mississippi Department of Human Services (DHS) on behalf of Tracey B. Farrell because she is a recipient of services through Title IV-D of the Social Security Act.
¶ B. White and Farrell are the parents of two minor children: Blaine Alden Zachary White, born November 20, 2003, and Alex-andre Hadyn Wingfield White, born November 1, 2005.
¶ 4. Under the prior agreed temporary order of the court dated December 29, 2006, White was directed to pay child support of $500 per month payable in halves on the first and fifteenth of each month beginning December 15, 2006. In the subsequent bench opinion rendered on February 19, 2008, the child support was increased to $670 per month payable in halves on the first and fifteenth of each month. White was allowed to claim the two children as dependents for income-tax purposes. An order was entered on April 14, 2008. Neither the bench opinion nor the order specified the date the increase in child support was to begin.
¶ 5. On appeal, White raises eight issues, which are stated verbatim:
1. Whether the effective date of the increase in payments was considered to be March 1, or May 1, 2008?
2. Whether the custody order filed in April 18, 2008, clearly instructed White when the increase in child support was to begin?
B. Whether White should be found in contempt and due $785.00 for failing to comply with an ambiguous order in which the court found the effective date for support to be March 1st instead of May 1st, 2008?
4. Did the court err in including a $250.00 payment for August 2007 in calculating the amount in arrearage, when White was previously found not in contempt on a motion for contempt filed by Farrell on February 15, 2008, which included the payment in question?
5. Whether the mere fact, that Farrell claims to have filed her 2007 IRS returns prior to the ruling by the chancery court on February 19, 2008, constitutes reason enough for the court to not revisit the previous order of which was ambiguous as to whether White could begin to exercise his rights in 2007 or 2008?
6. Whether money spent on behalf of the children of White, for school activities and recreational activities, with Farrell approving and having knowledge of these payments, can be considered as child support?
7. Whether the court was in error when calculating support payments due by using time periods that were not within the April 14, 2008 through *988 August 31, 2008 time frame as requested in the DHS petition?
,¶6. Finding no error, we affirm the judgment of contempt.
FACTS
¶ 7. White filed a petition on October 26, 2006, seeking to establish paternity and gain custody of his daughter Alexandre. White also sought full custody of Blaine, a modification of the previous agreed order of April 5, 2005, which had awarded White joint legal and physical custody of Blaine.
' ¶ 8. After a December 11, 2006, hearing, the chancery court entered a temporary order which gave White alternating weekly visitation .with both children and increased the previously-ordered support payments from $400 to $500 per month beginning December 15, 2006. The order did not address the custody issue.
¶ 9. On February 18, 2008, the chancery court rendered a opinion increasing the child-support payments to $670 per month. The court ruled that WHiite would be entitled to claim both children as dependents for income-tax purposes until such time as Farrell could no longer claim her eldest son Mikey and she became gainfully employed. At the time, Farrell was not employed outside the home.
¶ 10. White was present at the February 2008 hearing, but the order was not signed until April 14, 2008, and entered on April 18, 2008. A petition for contempt was filed on October 8, 2008, by DHS against White and came before the family master of the chancery court on February 12, 2009. After hearing testimony, the family master requested that both sides submit authority on the issue of whether the increase in child support should take effect on the date of the bench opinion of the court or on April 18, 2008, the date the order was filed with the chancery clerk.
¶ 11. DHS claimed that White was in arrears on his child-support payments in the amount of $1,105.28 as of August 31, 2008. DHS calculated the arrearage by starting the increase in the child-support obligation on February 18, 2008, the date of the bench opinion. White argued that the increase actually began only on the filing of the order with the chancery clerk on April 18, 2008. The family master concluded that White owed $785 in delinquent child support as of August 31, 2008, and that the start date of the increase was the date of the bench opinion.
¶ 12. Testimony from Farrell and White established that the support obligation for the years 2006 and 2007 was paid except for one payment of $250 in August 2007 which was returned for insufficient funds. White was not aware that the check was returned until April 2008, but he did not make substitute payment at that time.
STANDARD OF REVIEW
¶ 13. The chancery court’s findings of fact regarding contempt will generally not be overturned unless they are manifestly wrong, “not supported by credible evidence, or unless the wrong legal standard was applied.” McIntosh v. Dep’t of Human Servs., 886 So.2d 721, 723-24 (¶ 5) (Miss.2004).
DISCUSSION
I. Effective Date of the Change in Child Support
¶ 14. Several of the issues raised by White concern the effective date of the increase in child support and will be discussed together.
¶ 15. White argues that the effective date of the increase in child support from $500 to $670 was May 1, 2008, rather than March 1, 2008, because the chancery court *989 did not enter its written order until April 18, 2008. White contends - that the increase only became effective once the chancellor signed the order.
¶ 16. The April 18, 2008 order did not specify the beginning date of the increase. The order and the bench opinion both state that the increase will be on the first and fifteenth of the month, without specifying which month the increase was to start. The previous orders had stated the beginning date of the increase.
¶ 17. The finding of the .family master and of the chancery court, after hearing arguments and reviewing briefs from both sides, was that the effective date of the increase should be March 1, 2008. White was personally present before the chancery court in February' and heard the chancellor specifically state that the increase was to begin the first of the month. The chancery court found that the effective date of the change was March 1, 2008. This Court cannot say that this factual finding was in error. As previously stated, the factual findings of a chancellor will not be disturbed on appeal unless they are manifestly wrong. McIntosh, 886 So.2d at 723 (¶ 5) (citing Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989)).
¶ 18. Accordingly, as it would have been within the discretion of the chancellor to award the increase in child support retroactively to the date the petition was filed, see Deborah H. Bell, Bell on Mississippi Family Law § 10.11[8] (2005), there was no error in her decision to award the increase retroactively to the first month following the hearing and bench opinion.
¶ 19. While White may not have been held in contempt for failing to pay the ambiguous order,[1] there is no doubt that White did not pay child support under any of the court’s orders and that he was in contempt regardless of the start date of the new obligation. “In contempt actions involving unpaid child support, a prima facie case of contempt has been established when the party entitled to receive support introduces, evidence that the party required to pay the support has failed to do so.” McIntosh, 886 So.2d at 724 (¶ 11).
¶ 20. During 2008, Farrell offered a computation of árrearage that showed White had failed to make complete child-support payments of either $500 or $670 for most months. Even after receiving the written order on April 18, 2008, White made a payment of $335 for each month during May and June. The July 2008 payment was $520. Earlier in the year, White also had failed to make appropriate payments. The effective' date of the increase seems not to be the determinative issue in White’s failure to pay child support.
¶ 21. We find no merit to White’s assignments of error regarding the effective date of the change in child support payments.
II. Change in IRS Filing Status
¶ 22. At the contempt hearing, Farrell claimed that she had filed her 2007 income-tax return prior to the hearing in February 2008. On appeal, White contends that Farrell’s testimony alone was insufficient to show that she properly claimed her children as dependents. There was no contrary testimony or documentation offered at the hearing. White now claims that Farrell should have been required to produce the 2007 income-tax return to prove.that the return was actually filed prior to the hearing. Although it would have been preferable for Farrell to have offered written proof at the hearing, there is no contrary testimony or docu *990 mentation to support White’s assignment of error.
¶23. The chancery court gave White the right to claim the two children as dependents on his income-tax return beginning with the February bench opinion of the court. The contempt finding was based on White’s failure to pay child-support payments and not on Farrell’s failure to offer proof that the income taxes for 2007 had been filed. “As the finder of fact, the chancellor is vested with the responsibility to hear the evidence, assess the credibility of witnesses, and determine ultimately what weight and worth to afford any particular aspect of the proof.” Tritle v. Tritle, 956 So.2d 369, 373 (¶8) (Miss.Ct.App.2007). “When it comes to finding facts, we defer to the chancellor in that we will not substitute our judgment for the chancellor’s.” Id.
¶ 24. This same issue was raised by White at the contempt hearing, and the chancellor specifically addressed this matter in the order entered. The chancery court found that it had previously ruled on this question. The court again noted that Farrell indicated that she had already filed her tax return before the court rendered its order. There is nothing in the record to authorize this Court to find to the contrary.
¶ 25. There is no merit to this assignment of error.
III. Child-Support Payments
¶ 26. Regardless of the effective date of the increase in the child support payments, White did not make payments according to the court’s order. The original amount of arrearage stated in the motion for contempt was lowered in White’s favor after the hearing, but White was still found to be in arrears. Originally, the motion had stated that White owed $1,105.28 for delinquent child support as of August 31, 2008, and the final opinion of the court was that White owed $785.
¶ 27. Although White contends that the chancery court erred in holding him in contempt for failure to pay $250, which had previously been part of the basis for a contempt proceeding, there is no specific indication that this was the case. A review of White’s payments for 2008 show that White failed to pay his court-ordered obligations for several months. While it is true that the arrearage, calculated by the family master and adopted by the chancery court, was at variance with that of DHS, there is clear indication that White failed in his obligation to pay child support more than once. There is clear and substantial evidence to support a contempt finding by the chancery court.
¶ 28. White testified that he made additional expenditures for the children for such items as school pictures ($26), baseball pictures ($30), baseball registration fee ($75), and baseball equipment. White also made certain medical payments as mandated by the chancery court.
¶ 29. This Court has previously visited the issue of a noncustodial parents seeking a setoff against child support for payments made outside the court order. “[T]o permit a parent credit for voluntary payments would allow such a parent to vary the terms of the judgment, and to usurp from the custodial parent the right to determine the manner in which support money should be spent.” Farrior v. Kittrell, 12 So.3d 20, 23 (¶ 14) (Miss.Ct.App.2009) (quoting Cook v. Whiddon, 866 So.2d 494, 500-01 (1124) (Miss.Ct.App.2004)).
¶ 30. There is no proof that Farrell had knowledge of or approved these payments outside the court order. Further, the court-ordered obligation to make child support payments is independent of any other *991 payments made on the child’s or children’s behalf.
¶ 31. It is clear that the chancery court applied the correct and applicable law in not allowing White credit for payments made in certain school and recreational expenses outside the court order. There is no merit to this assignment of error.
¶ 32. THE JUDGMENT OF THE PIKE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. See Bell, at 11.05 [2] [c].